# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| WEB DESIGN AND CONSULTING SERVICES, INC., a California corporation and AD.COM INTERACTIVE MEDIA, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Defendant. | Case No. 2:25-cv-01182-JAK-MAR<br><br>**HON. MARGO A. ROCCONI**<br><br>**PROTECTIVE ORDER** |

Plaintiffs Web Design And Consulting Services, Inc., and Ad.Com Interactive Media, Inc. and Defendant Travelers Casualty and Surety Company Of America (collectively "Parties") filed a stipulation seeking entry of a protective order. The stipulation acknowledges and agrees that certain documents and information, contemplated to be used by the Parties in pleadings or discovery in this action, may contain sensitive information related to legal strategy, trade secrets and other confidential research, development, proprietary, private commercial and financial information which is not generally subject to public disclosure. The Parties object to the disclosure of Confidential Information in the absence of a protective order.

For good cause shown, the Court grants the parties' stipulation and ORDERS as follows:

1. To the extent that the Parties disclose any Confidential Information to each other, such Confidential Information and any images, transcripts, copies, abstracts, notes, memoranda, summaries, or other writings made thereof or therefrom, shall be used only in connection with the above captioned action. The Confidential Information may not be used for business, competition, or for any other purpose whatsoever.

2. All Confidential Information shall be designated by the producing Party as "Confidential - Subject to Protective Order" by conspicuously typing on, stamping or labeling the material, object, or thing with the words "Confidential - Subject to Protective Order." The imaging vendor will burn the image with the label "Confidential - Subject to Protective Order" on every page. In the event a document containing Confidential Information is inadvertently produced without being designated as such, the producing party may designate the document as "Confidential - Subject to Protective Order" after the fact. In this event, the producing party will be required to reproduce the subject document with the "Confidential - Subject to Protective Order" designation on each page containing Confidential Information. Furthermore, the producing party may, at its own expense, have the imaging vendor

re-burn, recall and replace any CD containing the subject document without the designation.

3. All invoices for legal work performed in the Related Actions, as well as documents discussing the strategic interrelationship between the claims asserted in the Related Actions shall be designated as Confidential Information and labeled as "Confidential - Subject to Protective Order." Any Party issuing third party records only subpoenas shall direct that the records be produced to the imaging vendor, who will bates stamp, mark confidential and otherwise provide processing services. Any Party issuing third party records and testimony subpoenas shall either (1) direct that the records be produced to the imaging vendor for processing as set forth above, or (2) shall deliver such documents to the imaging vendor for disposition as set forth above within one week of receiving same and serve a Notice of Compliance on all parties. The Party issuing the subpoena shall bear the cost of the imaging vendor's processing services.

4. Deposition transcripts and attachments thereto may be designated Confidential Information in which case the confidential portion of which shall be bound in a separate volume and marked "Confidential - Subject to Protective Order" by the reporter as the designating Party may direct. Should there be any additional cost associated with marking a transcript or portion of a transcript as Confidential Information, the party requesting the designation shall bear the additional cost, if feasible.

5. Covers, charts, diagrams, or illustrations demonstrating the relationship between claims across jurisdictions in the Related Actions, including materials that analyze the strategic interconnections between legal proceedings in different venues, shall be designated as Confidential Information and labeled as "Confidential - Subject to Protective Order."

6. Any party that wishes to file any document, pleading or other material which comprises or contains Confidential Information shall comply with California

Rules of Court § 243.1, *et seq*. The complaints and cross-complaints, including all exhibits thereto, currently on file with the Court shall be deemed not to contain Confidential Information and not require any redaction thereof.

6. The dissemination and disclosure of Confidential Information shall be limited as follows:

(A) Information designated "Confidential - Subject to Protective Order" shall not be disclosed by any person who has received such information through discovery in this action to any other person except to:

(1) The court reporters and similar personnel;

(2) Employees of the Parties, including any Party's in-house counsel, provided that the disclosure is reasonably necessary to conduct discovery or prepare for trial;

(3) Outside experts and consultants retained for the purpose of preparing or assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed reasonable by counsel;

(4) Any person who was involved in the preparation of the Confidential Information or who lawfully received or reviewed the Confidential Information or to whom such Confidential Information had been previously made available in a manner not subject to the terms and conditions of this Protective Order;

(5) Deponents with respect to whom the attorney for the examining Party believes in good faith that disclosure of Confidential Information should be made in order to conduct relevant examination of such deponent;

(6) Any other person with the prior written consent of the designating Party or pursuant to Court order;

(7) Attorneys of record for the Parties in this litigation and their

respective associates, clerks and employees.

(B) Before any person described in paragraph 6(A)(2), 6(A)(3), 6(A)(5) or 6(A)(6) receives or is shown any Confidential Information, such person shall be given a copy of this Protective Order and shall agree in writing, in the form of the agreement attached hereto as Exhibit A to be bound by the terms thereof. The original of each such agreement shall be maintained by counsel and shall be produced for inspection by opposing counsel upon request. However, no Party shall be required to provide the opposing counsel with a copy of Exhibit A signed by a consultant unless or until the Consultant is designated as an expert by that Party. Any counsel may require the other counsel to provide a copy of Exhibit A signed by a witness at a deposition before the witness is deposed with regard to any Confidential Information. It shall be the responsibility of all counsel to maintain records of all persons to whom Confidential Information has been disclosed sufficient for the Parties to comply with the provisions of hereof.

(C) Nothing in this Protective Order shall prevent a deponent from being shown the original or a copy of a document marked "Confidential - Subject to Protective Order" for the purpose and to the extent necessary to determine whether, with respect to such document, he or she is a person described in paragraph 6(A)(5) above. If such deponent is not such a person, he or she shall not further review or be examined about the contents of such Confidential Information unless he or she is a person qualified to examine such Confidential Information pursuant to paragraph 6(A) above.

(D) In the event a deponent refuses to execute Exhibit A, then any party may request that the deposition be adjourned, and the party seeking to conduct the examination involving Confidential Information shall move the Court for an Order permitting the deposition to resume.

7.  If any other Party (hereinafter the "Receiving Party") claims in good faith that any document is not Confidential Information, or believes that it is necessary to disclose designated information to persons other than those permitted by this Protective Order, such Receiving Party shall notify the producing Party (the "Producing Party") in writing that the Receiving Party objects to the confidentiality designation and the reasons therefor. Thereafter, the Parties shall meet-and-confer within five (5) court days in an attempt to resolve their differences. If the parties are unable to resolve their differences, the Receiving Party shall file a noticed motion for a Court order permitting the disclosure and may seek an order shortening time for a hearing on such motion, as appropriate. On any such motion, the Parties shall retain whatever burdens are imposed by law in seeking disclosure or protection of Confidential Information, and nothing herein shall be construed as affecting those burdens. Where all Parties agree, a stipulation may be entered into removing the confidential designation from particular documents.

8.  At the conclusion of the above captioned litigation, all transcripts, copies, abstracts, notes, memoranda, summaries, and any and all other writings containing any Confidential Information (other than exhibits within the court record) shall be returned to the Party who disclosed such Confidential Information; provided, however, the attorneys of record or their regularly employed staff shall not be required to surrender any information which is subject to the attorney client privilege or which is work product; provided further, however, that disclosure of such information shall continue to be limited pursuant to the terms of this protective order. Except as otherwise provided, any Party to this protective order shall, at the conclusion of the above-captioned litigation, certify under oath in writing to the other Party that such Party has returned or destroyed all Confidential Information in said Party's possession and that such Party has not disclosed the Confidential Information to any person who is not a signatory hereto. Such certification may be made by counsel for the certifying Party.

9. If a Receiving Party is served with a subpoena, discovery requests, or an Order issued in other litigation that would compel disclosure of Confidential Information, the Receiving Party must so notify all Parties, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena, discovery request, or order. Such notification must include a copy of the subpoena, discovery request, or order. The Receiving Party also must immediately inform in writing the party who caused the subpoena, discovery request, or order to issue in the other litigation that some or all the material requested is subject to this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena, discovery request, or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Parties in this case an opportunity to protect its Confidential Information. Any Party objecting to the disclosure of the Confidential Information shall bear the burden of moving for a protective or other order in the other litigation. The Receiving Party shall cooperate with the objecting Party and refrain from producing Confidential Information until such time as there is an appropriate order on the objecting Party's motion. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

10. Prior to any trial which may arise out of this litigation, the Parties will consult with one another with a view toward agreeing upon procedures for the protection of Confidential Information used in the conduct of trial of this action.

11. This Protective Order is without prejudice to the right of any Party to seek relief from or additional protection or any other modification of any provision contained herein by motion to this Court.

12. This Protective Order shall not be construed as an admission that the Confidential Information, or any testimony in respect to the Confidential Information in a deposition or otherwise, would be admissible in evidence in this litigation or any

other proceeding, or that information designated as confidential by any other Party actually constitutes confidential, proprietary business or financial information.

13. Except as expressly provided herein, this Protective Order shall not be construed as a waiver by the Parties of any objection applicable under the Federal Rules of Civil Procedure that the Discovery is improper including, but not limited to, an objection that the Discovery seeks information which is subject to the attorney-client privilege or work-product protection, or that the Discovery is irrelevant, burdensome or oppressive.

14. This Protective Order may be amended by stipulation which shall be submitted for the Court's approval.

15. In the event of an unauthorized disclosure and/or use of Confidential Information, any Party may seek injunctive relief in order to restrain the commission or continuance of such unauthorized act. The foregoing remedy shall not limit the Court from exercising its power to issue any appropriate contempt order or other sanction against a Party who shall violate the terms of this Protective Order. After final termination of this litigation, the provisions of this Protective Order shall continue to be binding. The Court shall retain jurisdiction over the Parties for enforcement of the provisions of this Protective Order following final determination of this litigation.

16. This Protective Order may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, and all of which shall together constitute but one and the same instrument.

17. Without separate court order, the Protective Order and the parties' stipulation do not change, amend, or circumvent any court rule or local rule.

18. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated confidential information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a

result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

19. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

20. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

21. Entering into, agreeing to, and/or complying with the terms of this Protective Order shall not:

    a. operate as an admission by any person or party that any particular material marked "confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information;

    b. prejudice in any way the right of any Party (or any other person subject to the terms of this Protective Order):

        i. to seek a determination by the Court of whether any particular confidential material should be subject to protection as "confidential" under the terms of this Protective Order; or

        ii. to seek relief from the Court on appropriate notice to all other Parties to this action from any provision(s) of this Protective Order, either generally or as to any particular material.

22. Nothing in this Protective Order shall affect the admissibility into evidence of confidential information or materials.

Dated: __June 11__, 2025

                                            **Margo A. Rocconi**
                                  **United States Magistrate Judge**

# **EXHIBIT A**

The undersigned has read and hereby agrees to comply with and be bound by all of the terms and provisions of the foregoing Protective Order.

| Signature | Name (Print) | Date |
|-----------|--------------|------|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |